UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GERARD CAMPBELL

                Plaintiff,                              MEMORANDUM AND ORDER
                                                                      16-CV-7176

  - against -

DRINK DAILY GREENS, LLC

                Defendant.
------------------------------------------------------------x
GLASSER, Senior United States District Judge:

      Plaintiff Gerard Campbell ("Plaintiff" or "Campbell") brought a putative consumer class action against Defendant Drink Daily Greens, LLC ("Drink Daily Greens" or "Defendant") alleging (1) deceptive business practices under New York General Business Law ("GBL") § 349, (2) false advertising under GBL § 350, and (3) common-law fraud, on the basis that Defendant sold juice products with misleading labels. (ECF No. 30). At the same time Defendant filed its motion to dismiss, it served Plaintiff's counsel with a motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. (ECF No. 11-1). The parties agreed that the Rule 11 motion should be deferred pending disposition of the motion to dismiss. (ECF No. 25). On September 4, 2018, the Court granted Defendant's motion to dismiss with prejudice, (ECF No. 46), and now pending before the Court is Defendant's renewed Rule 11 motion. (ECF No. 50). For the reasons explained below, Defendant's motion is **DENIED.**

## BACKGROUND

      Campbell is a Brooklyn resident who has brought multiple identical putative class actions against various food and beverage companies, including Whole Foods Market, Jamba Juice, and Hain Celestial Group, alleging that they sell juice products with misleading labels. (Hagey Decl.,

1

Exs. 1-3). On December 30, 2016, Campbell commenced this putative class action against Drink Daily Greens, alleging similar misrepresentations—namely, that its products (i) are "cold-pressed"; (ii) are "not pasteurized"; (iii) are fresh or have the quality of "freshness"; (iv) are "never heated"; and (v) have "4.5 pounds of produce pressed into every bottle." (ECF No. 30 at ¶¶ 18-54). On March 15, 2017, Drink Daily Greens sent Campbell's counsel, Joshua Levin-Epstein, a six-page letter, which explained why his complaint contained false allegations and provided that if Campbell did not withdraw it, Drink Daily Greens would move for sanctions pursuant to Rule 11. (ECF No. 11-2, Exhibit 9).

Campbell did not withdraw his complaint and on March 30, 2017, Drink Daily Greens filed its motion to dismiss, which attached a Rule 11 motion for sanctions as an exhibit. (ECF No. 9; ECF No. 11-1). In a telephone conference held on April 16, 2017, to discuss a briefing schedule, Drink Daily Greens explained its filing: "In our Rule 12 motion, we couldn't file the Rule 11 Motion simultaneously because we have the statutory Safe Harbor requirement. We did put a footnote into the brief and we did attach the Rule 11 papers to the Court would be aware of it." (Tr. 5:11-15). The Court responded that the motion was "very premature, if not inappropriate." (Tr. 6:13-14). The parties agreed that the motion for sanctions would be deferred pending disposition of the motion to dismiss. (ECF No. 25 at 6-7).

On June 8, 2017, Campbell filed his Second Amended Complaint, (ECF No. 30), and Drink Daily Greens moved to dismiss it. (ECF No. 38). On September 4, 2018, the Court granted the motion with prejudice and on November 2, 2018, Drink Daily Greens moved for sanctions.

## DISCUSSION

Rule 11 of the Federal Rules of Civil Procedure provides that

> [b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney . . . certifies that to

2

>the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law [and] the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed. R. Civ. P. 11(b)(2). A pleading violates Rule 11 "where it is patently clear that a claim has absolutely no chance of success under the existing precedents." *Eastway Constr. Corp.* v. *City of New York*, 762 F.2d 243, 254 (2d Cir. 1985). A court may impose sanctions for violations of Rule 11, either on motion or *sua sponte* after issuing an order to show cause. *See* Fed. R. Civ. P. 11(c)(1)-(3).

"A motion for sanctions must be made separately from any other motion . . . [and] it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). Campbell argues that the Court should deny Drink Daily Greens' motion for sanctions because it failed to comply with the 21-day Safe Harbor requirement when it attached its Rule 11 motion as an exhibit to its 12(b)(6) motion in March 2017. The Court agrees.

Drink Daily Greens claims that when it attached its motion for sanctions as an exhibit to its motion to dismiss, it also served Campbell with that motion, which triggered the 21-day Safe Harbor requirement. (ECF No. 55 at 10). As support for this argument, it cites to the Court's order on March 24, 2017, which noted "[c]oncurrent with filing its 12(b)(6) motion in March, Defendant *served* Plaintiff's counsel with a Rule 11 motion for sanctions." (ECF No. 25 at 6) (emphasis added). While the Court still finds that Drink Daily Greens served its Rule 11 motion upon Campbell at that time, Rule 11 provides that the motion "must not be filed *or be presented*

3

*to the court*" if it is withdrawn or corrected "within 21 days *after* service." Fed. R. Civ. P. 11(c)(2) (emphasis added).  Because Drink Daily Greens presented its Rule 11 motion to the Court without serving the motion upon Campbell at least 21 days beforehand, it violated Rule 11's Safe Harbor requirement.  Accordingly, its motion for sanctions is denied.

    SO ORDERED.

Dated:        Brooklyn, New York
                September 5, 2019

                                          /s/
                                          I. Leo Glasser
                                          Senior United States District Judge